**** CASE NUMBER: 502017CA012913XXXXMB Division: AK ****
Filing # 64625450 E-Filed 11/27/2017 04:58:50 PM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

| | |
|---|---|
| DAVID ROGERS, | ) CASE NO.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PALM BEACH NEWSPAPERS, LLC, | ) |
| d/b/a PALM BEACH DAILY NEWS | ) |
| and ELIZABETH CLARKE, | ) |
| | ) |
| Defendants. | ) |
| _____ | / |

## VERIFIED COMPLAINT

Plaintiff, DAVID ROGERS, sues the Defendants, PALM BEACH NEWSPAPERS, LLC, d/b/a PALM BEACH DAILY NEWS and ELIZABETH CLARKE, and alleges:

1. Plaintiff sues Defendant PALM BEACH NEWSPAPERS, LLC, d/b/a PALM BEACH DAILY NEWS (hereinafter "DAILY NEWS") for violations of his rights under the Florida Civil Rights Act of 1992, §760.01 et seq. (hereinafter the "FCRA") because he was discriminated against due to his age, and retaliated against after making complaints of discrimination and harassment because Plaintiff believed he was being targeted due to his age. Plaintiff also sues Defendant ELIZABETH CLARKE, Editor for Defendant DAILY NEWS, for tortious interference with Plaintiff's employment, and sues Defendant DAILY NEWS, for negligent supervision of Defendant CLARKE.

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as this is an action for damages and equitable relief. The amount sought by Plaintiff, not including interest and costs, exceeds $25,000.

1

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 11/27/2017 04:58:50 PM

3.   Venue is appropriate in Palm Beach County. All acts complained of occurred in Palm Beach County.

**PARTIES**

4.   Plaintiff, is a 53 year old male who resides in Palm Beach County, Florida, and was, at all times material to this case, employed by the Defendant in Palm Beach County as a News Reporter.

5.   Defendant DAILY NEWS, is a foreign limited liability company, with its principal place of business in Palm Beach County, Florida; Defendant DAILY NEWS was, at all times relevant to this claim, Plaintiff's "employer" as that term is defined by the FCRA, §§760.01 *et. seq.* Defendant CLARKE is a natural person who is residing in Palm Beach County, Florida.

6.   At all times material, Defendant DAILY NEWS was conducting business in Palm Beach County, Florida and had its principal place of business is in Palm Beach County, Florida.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7.   Prior to filing this action, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations on or about January 20, 2017, attached hereto as **Exhibit 1.** More than 180 days have elapsed since the charges were filed, and the FCHR has not made any determination on the merits of the charge. Accordingly, Plaintiff is authorized by law to file this action and is filing same within four (4) years of the adverse actions complained of (termination of December 07, 2016).

**FACTUAL ALLEGATIONS**

8.   Plaintiff was employed by the Defendant DAILY NEWS from April 10, 1995 until he was terminated on December 7, 2016.

9.   At all times material, Plaintiff was fully qualified for the position he held with

2

Defendant DAILY NEWS and performed his job in a satisfactory or above manner.

10. On or about September, 2014, a new younger individual named Elizabeth Clarke became the editor of the DAILY NEWS. Ms. Clarke, a relatively inexperienced journalist/copy editor, was unfairly critical of Plaintiff's work and gave preferential treatment to younger news reporters in terms of assignments and meeting deadlines. For example, Eleanor Roy, a young and inexperienced reporter in her 20s, was assigned to the Trump beat even though Plaintiff wrote most presidential primary stories; Aleese Kopf, also in her late 20s, was excused by Clarke from attending governmental meetings. Further, at least one of Roy's assignments had to be turned over to Plaintiff (story on Palm Beast residents' reaction to the death of Fidel Castro) because Roy was unable or unwilling to complete it. Roy and Kopf were not dismissed from employment as Plaintiff was. Kopf was openly insubordinate to Clarke, yet she was not terminated for refusal to perform certain assignments or complete tasks assigned to her. Defendant CLARKE made comments that the Defendant DAILY NEWS cherished and wanted to nurture "millenials" referring to younger reporters in their 20s; older reporters over the age of 40, were not so cherished and were terminated and/or forced to resign.

11. For seventeen (17) years, Plaintiff received very good evaluations that were warranted by his excellent work. Despite continuing to perform at a very high level, Ms. Clarke unfairly maligned Plaintiff with bad evaluations that unfairly misrepresented his actual work and performance.

12. On or about late January, 2016, Plaintiff received a negative evaluation that was replete with distortions and misrepresentations by Ms. Clarke.

13. On or about February 3, 2016, Plaintiff responded with a rebuttal complaining of harassment and discrimination because he believed he was being targeted due to his age.

3

Subsequently, on or about February 11, 2016, Plaintiff had a meeting with managing editor Nick Moschella, wherein Plaintiff again opposed and complained of what he believed was an unfair evaluation, harassment, and discrimination due to his age by Ms. Clarke.

14. Plaintiff then requested a meeting with Cathleen Reese, Director of Human Resources, to reiterate the same concerns Plaintiff had expressed to Mr. Moschella, who had done nothing to address Plaintiff's complaints that he was being targeted by Ms. Clarke because of his age. Plaintiff provided Ms. Reese with the same letter dated February 3, 2016, wherein Plaintiff opposed and complained of what he believed was an unfair evaluation, harassment, and discrimination due to his age.

15. After Plaintiff made these complaints, Ms. Clarke continued to unfairly criticize Plaintiff's work, and created an abusive and hostile work environment for him that interfered with Plaintiff's ability to perform his work.

16. On December 7, 2016, Plaintiff was called in to a meeting with Ms. Clarke, Mr. Moschella, and an H.R. representative from Ohio, Toni Mitchell. During this meeting Ms. Clarke told Plaintiff, "Your position is being eliminated." Because younger employees were being retained, Plaintiff asked if a reporter with one year's experience was worth more than a reporter with twenty-two (22) years experience of experience, because Ms. Roy had only one (1) year total experience and was being retained instead of Plaintiff. Ms. Clarke refused to respond to the question and just said there were "performance issues" without specifying what the deficiencies were.

17. Ms. Kopf, who was also being retained instead of Plaintiff, also had considerably less experience than Plaintiff and had sent several e-mails to Ms. Clarke that were insubordinate, but she also was not selected for this alleged elimination of position. Other older employees over the age of 40 were unfairly criticized in performance reviews, including Michele Dargan and Andrew Davis.

4

18. Plaintiff's employer, which also owns the Palm Beach Post, or is related to it through the Cox Enterprise chain, has in the recent past targeted older workers including but not limited to: Michelle Dargan, a reporter about sixty (60) years old, who was denied a transfer although more qualified than the young reporter who was selected, Matt Morgan, about twenty-six (26) years old; Dave Tepps, a sports writer about sixty (60); Ron Hayes, a news reporter about sixty (60); Emily Minor, a columnist now believed to be in her 60s; and Tory Malmer, a copy editor believed to be in her 60s.

19. On or about March 5, 2016, while reviewing/finalizing Plaintiff's 2015 evaluation, Plaintiff told Clarke that her hypercritical treatment of older staff would drive them away and that millennial-age workers don't tend to stay in less than ideal working environments for long. Ms. Clarke had earlier told Kopf that the Defendant wanted to make millennial employees happy so she would not require Kopf to attend governmental meetings. These assignments are considered undesirable because of the length of some government meetings.

### COUNT I/FLORIDA CIVIL RIGHTS ACT: AGE DISCRIMINATION

20. Plaintiff realleges and asserts, as if fully set forth in Count I, the allegations of ¶¶1-19, supra.

21. Defendant DAILY NEWS intentionally discriminated against the Plaintiff in violation of §760.10, Fla. Stat., the Florida Civil Rights Act ("FCRA"), because of his age.

22. As a result of the adverse actions taken against Plaintiff, Plaintiff has suffered damages, including lost wages and benefits; mental anguish and humiliation; medical and therapeutic expenses; loss of reputation; loss of self esteem; loss of the enjoyment of life and other tangible and intangible losses.

WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Award Plaintiff lost wages, benefits, and other economic damages, as appropriate;

   B. Award injunctive relief in the form of reinstatement to his position, or front pay in lieu thereof;

   C. Award Plaintiff compensatory damages for mental anguish and humiliation; medical and therapeutic expenses; compensatory damages for loss of reputation; loss of self esteem; loss of the enjoyment of life and other tangible and intangible losses.

   D. Award Plaintiff a reasonable attorneys' fee and his costs in accordance with FCRA.

**COUNT II/FLORIDA CIVIL RIGHTS ACT: RETALIATION**

23. Plaintiff realleges and asserts, as if fully set forth in Count II, the allegations of ¶¶1-19, supra.

24. Defendant DAILY NEWS, unlawfully retaliated against the Plaintiff, after he engaged in protected activity for complaining about age discrimination, in violation of §760.10, Fla. Stat., the Florida Civil Rights Act ("FCRA").

25. As a result of the adverse actions taken against Plaintiff, he has suffered damages, including loss of pay; lost wages and benefits; mental anguish and humiliation; medical and therapeutic expenses; loss of reputation; loss of self esteem; loss of the enjoyment of life and other tangible and intangible losses.

WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Award Plaintiff lost wages, benefits, and other economic damages, as appropriate;

   B. Award injunctive relief in the form of reinstatement to his position;

   C. Award Plaintiff compensatory damages for mental anguish and humiliation; medical and therapeutic expenses; compensatory damages for loss of reputation; loss of self esteem; loss of the enjoyment of life and other tangible and intangible losses.

D.  Award Plaintiff a reasonable attorneys' fee and his costs, and any other relief deemed just and proper.

### COUNT III: NEGLIGENT SUPERVISION
### v. Defendant PALM BEACH NEWSPAPERS, LLC, d/b/a PALM BEACH DAILY NEWS.

26. Plaintiff reasserts and alleges, as if fully set forth in Count III, the allegations of ¶¶ 1-19, supra.

27. Defendant DAILY NEWS was negligent in the supervision of its employee, Ms. Clarke, because it failed to take prompt remedial action even after Plaintiff made it aware, in writing, that Ms. Clarke was discriminating against older employees and giving preferential treatment to younger employees.

28. As a direct and proximate result of Defendant's Palm Beach Daily News', negligence, acts, and/or omissions, Plaintiff has been damaged and has experienced pain and suffering, humiliation, mental anguish, loss of the enjoyment of life, and inconvenience.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Award Plaintiff compensatory damages for humiliation, loss of reputation, and pain and suffering; and

B.  Award Plaintiff her costs of this action.

### COUNT IV: TORTIOUS INTERFERENCE v. Defendant CLARKE

29. Plaintiff reasserts and alleges, as if fully set forth in Count IV, the allegations of ¶¶ 1-19, supra.

30. Defendant CLARKE, acting outside the course and scope of her employment, without justification, and for improper, personal and vindictive purposes, to wit, to punish and to humiliate the Plaintiff for having complained that she was discriminating against him and other older

7

employees, and giving preferential treatment to younger employees, interfered with Plaintiff's employment by recommending his termination and/or terminating his employment with the Defendant DAILY NEWS.

31. As a result of said conduct, Plaintiff was damaged, sustained pain and suffering, humiliation, mental anguish, loss of the enjoyment of life, and inconvenience.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award Plaintiff compensatory damages for lost wages and benefits, mental anguish, humiliation, loss of reputation, loss of the enjoyment of life, and pain and suffering; and

B. Award Plaintiff the costs of this action.

## JURY DEMAND

**PLAINTIFF DEMANDS JURY ON ALL ISSUES SO TRIABLE.**

Under penalty of perjury, I have reviewed and state that the facts set forth herein are true and correct to the best of my knowledge and belief.

*/s/ David Rogers*
DAVID ROGERS

Respectfully submitted,

_____
ISIDRO M. GARCIA
Florida Bar No. 437883
GARCIA LAW FIRM, P.A.
120 South Olive Ave, Suite 401
West Palm Beach, FL 33401
Telephone:   (561) 832-7732
Telecopier:   (561) 832-7137
E-mail: isidrogarcia@garcialaborlaw.com
E-mail for e-service of court documents:
eservice@garcialaborlaw.com
COUNSEL FOR PLAINTIFF

Dated: 11/27/17

# GARCIA LAW FIRM, P.A.

Telecopier: (561) 832-7137

FACSIMILE TRANSMITTAL SHEET

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. THANK YOU.

DATE: January 20, 2017

TOTAL NUMBER OF PAGES (including this page): 5

PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:

NAME: Michael Farrell and Dante Bonner

LOCATION: 305/808-1855 and 850/487-1007

FROM: Mark, Assistant to I. Garcia

REFERENCE: David Rogers vs. Palm Beach Daily News

ENCLOSED: Please see letter with Charge of Discrimination.

www.garcialaborlaw.com
120 South Olive Ave., Suite 401, West Palm Beach, Florida, 33401
Telephone (561) 832-7732 Telecopier (561) 832-7137 e-mail: isidrogarcia@garcialaborlaw.com


PLAINTIFF'S EXHIBIT 1

## GARCIA LAW FIRM, P.A.
### Isidro M. Garcia

January 20, 2017

**VIA FACSIMILE AND**
**CERTIFIED MAIL**

Michael Farrell, District Director **FAX 305/808-1855**
EEOC - Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

Dante Bonner, Customer Service/Intake Manager **FAX 850/487-1007**
Florida Commission on Human Relations
4075 Esplanade Way, Room 110
Tallahassee, FL 32399-7020

Re:  **David Rogers vs. Palm Beach Daily News**

Dear Mr. Farrell and Mr. Bonner:

Enclosed please find a Charge of Discrimination on behalf of my client, **David Rogers**. Please file same and call if you need any further information or have any questions. This charge is **not** being dual filed, but is filed separately with each of your agencies. I am submitting this joint letter to you so that you are aware that the charge is being filed independently with each agency.

Very truly yours,

ISIDRO M. GARCIA
Enclosure
Copy without enclosure: Client

www.garcialaborlaw.com
e-mail:isidrogarcia@garcialaborlaw.com
120 South Olive Ave., Suite 401, West Palm Beach, Florida 33401
Telephone (561) 832-7732•Telecopier (561) 832-7137

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☐ FEPA<br>☐ EEOC | CHARGE NUMBER |
|---|---|---|
| Florida Commission on Human Relations and EEOC<br>State or local Agency, if any | | |
| NAME (Indicate Mr., Ms., Mrs.)<br>MR. DAVID ROGERS | HOME TELEPHONE (Include Area Code)<br>561-307-3088 | |
| STREET ADDRESS    CITY, STATE AND ZIP CODE<br>3700 SAVOY LANE, APT. C    WEST PALM BEACH, FL 33417 | | DATE OF BIRTH<br>05-09-1964 |
| NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.) | | |
| NAME<br>PALM BEACH NEWSPAPERS LLC, foreign limited liability company<br>d/b/a PALM BEACH DAILY NEWS | NUMBER OF EMPLOYEES, MEMBERS<br>+30 | TELEPHONE (Include Area Code)<br>561-820-3800 |
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>400 ROYAL PALM WAY, SUITE 100<br>PALM BEACH, FL 33480 | | |
| NAME | TELEPHONE (Include Area Code) | |
| STREET ADDRESS   CITY, STATE AND ZIP CODE | COUNTY | |
| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>RACE    COLOR    SEX    RELIGION<br>XRETALIATION    XAGE    DISABILITY | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST    LATEST<br>               12/07/16 | |

## I. INTRODUCTORY STATEMENT

I AM A 52 YEAR OLD MALE THAT WAS TERMINATED FROM MY EMPLOYMENT AS A NEWS REPORTER ON DECEMBER 7, 2016. I PERFORMED MY WORK VERY WELL AND WAS A VERY EXPERIENCED REPORTER WHO RECEIVED CONSISTENTLY POSITIVE EVALUATIONS FROM THE DATE OF HIRE ON APRIL 10, 1995 UNTIL NEAR THE END OF MY EMPLOYMENT WHEN A NEW YOUNGER INDIVIDUAL NAMED **ELIZABETH CLARKE** BECAME THE EDITOR. MS. CLARKE, A RELATIVELY INEXPERIENCED JOURNALIST/COPY EDITOR, WAS UNFAIRLY CRITICAL OF MY WORK; GAVE PREFERENTIAL TREATMENT TO YOUNGER NEWS REPORTERS ON ASSIGNMENTS AND DEADLINES. FOR EXAMPLE, **ELEANOR ROY**, A YOUNG AND VERY GREEN REPORTER IN HER 20s AND **ALEESE KOPF**, ALSO IN HER LATE 20s, WERE GIVEN MORE TIME ON DEADLINES, FAILED TO COMPLETE ASSIGNMENT AT LEAST ONE OF WHICH HAD TO BE TURNED OVER TO ME (STORY ON DEATH OF CASTRO AND EFFECT ON US-CUBA RELATIONS). MY PRIOR EDITOR, **CAROL CARNEVALE**, AN EXPERIENCED JOURNALIST AND MY MANAGING OR NEWS EDITOR OF 17 YEARS, GAVE ME VERY GOOD EVALUATIONS THAT WERE WARRANTED BY MY EXCELLENT WORK, WHICH DID NOT END WHEN CLARKE TOOK OVER THE OPERATIONS. THIS EMPLOYER, WHICH ALSO OWNS THE PALM BEACH POST, OR IS RELATED TO IT THROUGH THE COX ENTERPRISES CHAIN, HAS IN THE RECENT PAST TARGETED OLDER WORKERS INCLUDING BUT NOT LIMITED TO: **MICHELLE DARGAN**, A REPORTER ABOUT 60 YEARS OLD, WHO WAS DENIED A TRANSFER ALTHOUGH MORE QUALIFIED THAN YOUNG REPORTER SELECTED, **MATT MORGAN**, ABOUT 25 YEARS OLD; **DAVE TEPPS**, A SPORTS WRITER ABOUT 60; **RON HAYES**, A NEWS REPORTER ABOUT 60; AND **EMILY MINOR**, A COLUMNIST IN HER 60s.

ON OR ABOUT LATE JANUARY, 2016, I RECEIVED A NEGATIVE EVALUATION THAT WAS FULL OF DISTORTIONS AND OUTRIGHT LIES THAT WAS PREPARED BY MS. CLARKE. BECAUSE I BELIEVED AND STILL DO THAT I WAS BEING UNFAIRLY TARGETED DUE TO MY AGE, I RESPONDED WITH A REBUTTAL DATED FEBRUARY 3, 2016, WHEREIN I COMPLAINED OF HARASSMENT AND DISCRIMINATION BECAUSE I BELIEVED I WAS BEING TARGETED DUE TO MY AGE. I SUBSEQUENTLY HAD A MEETING WITH MANAGING EDITOR **NICK MOSCHELLA** ON OR ABOUT FEBRUARY 11, 2016, WHEREIN I AGAIN OPPOSED AND COMPLAINED OF WHAT I BELIEVED WAS AN UNFAIR EVALUATION, HARASSMENT AND DISCRIMINATION DUE TO MY AGE BY MS. CLARKE. I SUBSEQUENTLY REQUESTED MET WITH DIRECTOR OF HUMAN RESOURCES, **CATHLEEN REESE**, TO REITERATE THE SAME CONCERNS I HAD EXPRESSED TO MR. MOSCHELLA. I HAD SUPPLIED THE SAME LETTER TO REESE.

AFTER I MADE THESE COMPLAINTS, MS. CLARKE CONTINUED TO MINIMIZE MY WORK, UNFAIRLY CRITICIZE MY WORK, AND THE SITUATION BECOME MORE AND MORE HOSTILE FOR ME DURING THE ENSUING MONTHS.

FINALLY, ON DECEMBER 7, 2016, I WAS CALLED IN TO A MEETING WITH CLARKE, MOSCHELLA AND AN H.R. REPRESENTATIVE FROM OHIO, BLACK FEMALE ABOUT 30 YEARS OLD. CLARKE TOLD ME "YOUR POSITION IS BEING ELIMINATED." I ASKED IF A REPORTER WITH ONE YEAR'S EXPERIENCE WAS WORTH MORE THAN A REPORTER WITH 22 YEARS OF EXPERIENCE, BECAUSE MS. ROY HAD ONE YEAR TOTAL EXPERIENCE AND WAS BEING RETAINED INSTEAD OF ME, AS WAS MS. KOPF, WHO CONSIDERABLY LESS EXPERIENCED ALSO. MS. KOPF SENT EMAILS THAT BORDERED ON INSUBORDINATION TO HER SUPERVISORS, AND WAS NEVER DISCIPLINED. OLDER EMPLOYEES WERE CRITICIZED IN REVIEWS IF THEY QUESTIONED MANAGEMENT DECISIONS,

## II. EMPLOYER'S STATED REASON FOR DISCRIMINATORY TREATMENT.

CLARKE TOLD ME THE NEWSPAPER WAS GOING IN A DIFFERENT DIRECTION IN TERMS OF DIRECTIONS OF STORIES THEY WOULD BE COVERING, BUT DIDN'T EXPLAIN WHY I COULD NOT BE ASSIGNED TO THOSE STORIES. SHE THEN CLAIMED THERE WERE PERFORMANCE ISSUES, BUT DID NOT SPECIFY WHAT THEY WERE.

## III. DISCRIMINATION STATEMENT

I BELIEVE I HAVE BEEN DISCRIMINATED AGAINST BECAUSE OF MY AGE IN VIOLATION THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 USC SECTION 621 et seq., AND THE FLORIDA CIVIL RIGHTS ACT OF 1992, SECTION 760.01 et seq. I ALSO BELIEVE I WAS RETALIATED AGAINST FOR OBJECTING AND OPPOSING DISCRIMINATION.

## IV. RELIEF SOUGHT

I SEEK LOST WAGES AND BENEFITS FROM THE DATE OF TERMINATION TO THE DATE OF TRIAL, LIQUIDATED DAMAGES, REINSTATEMENT TO MY EMPLOYMENT WITH INJUNCTIVE RELIEF OR FRONT PAY IN LIEU OF REINSTATEMENT, COMPENSATORY DAMAGES FOR MENTAL ANGUISH, PHYSICAL PAIN AND SUFFERING AND PUNITIVE DAMAGES, PLUS ATTORNEY'S FEES AND COSTS.

| | |
|---|---|
| I do not want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and local Requirements) |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. *[signature]* <br><br>January 20, 2017 <br>Date    Charging Party (Signature) | SIGNATURE OF COMPLAINANT <br><br><br>SUBSCRIBED AND SWORN TO ME THIS DATE (Day, month, and year) |

**Receipt 1:**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Dante Bonner
Florida Commission on Human Relations
4075 Esplanade Way, Room 110
Tallahassee, FL 32399-7020

9590 9402 1403 5329 7767 64

2. Article Number (Transfer from service label)
7015 1730 0002 0062 1632

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X Williams — Agent / Addressee
B. Received by (Printed Name)
C. Date of Delivery: 1-30-17
D. Is delivery address different from item 1? Yes / No

3. Service Type: Certified Mail®; Signature Confirmation™

ROGERS

Domestic Return Receipt

---

**Receipt 2:**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Michael Farrell
EEOC - Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

9590 9402 1403 5329 7767 57

2. Article Number (Transfer from service label)
7015 1730 0002 0063 7350

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X — Agent / Addressee
B. Received by (Printed Name)
C. Date of Delivery: 1-26-17
JAN 26 2017
D. Is delivery address different from item 1? Yes / No

3. Service Type: Certified Mail®; Signature Confirmation™

ROGERS

Domestic Return Receipt

# HP Color LaserJet MFP M277c6

# Fax Confirmation

Jan-20-2017  5:06PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 206 | 1/20/2017 | 5:04:18PM | Send | 3058081855 | 2:17 | 5 | OK |

### GARCIA LAW FIRM, P.A.

Telecopier (561) 832-7137

**FACSIMILE TRANSMITTAL SHEET**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. THANK YOU.

**DATE:** January 20, 2017

**TOTAL NUMBER OF PAGES (including this page):** 5

**PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:**

**NAME:** Michael Farrell and Dante Donner

**LOCATION:** 305/808-1855 and 850/487-1007

**FROM:** Mark, Assistant to L. Garcia

**REFERENCE:** David Rogers vs. Palm Beach Daily News

**ENCLOSED:** Please see letter with Charge of Discrimination.

---

www.garciahborlaw.com
120 South Olive Ave., Suite 401, West Palm Beach, Florida, 33401
Telephone (561) 832-7732 Telecopier (561) 832-7137 e-mail: lskirogarcia@garciahborlaw.com

# HP Color LaserJet MFP M277c6

# Fax Confirmation

Jan-20-2017 5:11PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 207 | 1/20/2017 | 5:08:09PM | Send | 8504871007 | 3:02 | 5 | OK |

**GARCIA LAW FIRM, P.A.**

Telecopier: (561) 832-7137

**FACSIMILE TRANSMITTAL SHEET**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY. THANK YOU.

**DATE:** January 20, 2017

**TOTAL NUMBER OF PAGES (including this page):** 5

**PLEASE DELIVER THE FOLLOWING PAGES IMMEDIATELY TO:**

**NAME:** Michael Farrell and Dante Bonner

**LOCATION:** 305/808-1855 and 850/487-1007

**FROM:** Mark, Assistant to I. Garcia

**REFERENCE:** David Rogers vs. Palm Beach Daily News

**ENCLOSED:** Please see letter with Charge of Discrimination.

www.garcialaborlaw.com
120 South Olive Ave., Suite 401, West Palm Beach, Florida, 33401
Telephone (561) 832-7732 Telecopier (561) 832-7137 e-mail: isidrogarcia@garcialaborlaw.com