UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DAVID ROGERS, | ) | CASE NO.: 18-cv-80005-Middlebrooks/ |
| | ) | Brannon |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PALM BEACH NEWSPAPERS, LLC, | ) | |
| d/b/a PALM BEACH DAILY NEWS | ) | |
| and ELIZABETH CLARKE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____/ | | |

## JOINT DISCOVERY PLAN

Plaintiff DAVID ROGERS ("Plaintiff") and Defendants PALM BEACH NEWSPAPERS, LLC, d/b/a PALM BEACH DAILEY NEWS AND ELIZABETH CLARKE ("Defendant"), by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 26 and Court Order, hereby submit their Joint Discovery Plan:

1.     **An estimated valuation of the case from the perspective of Plaintiff and Defendant.**

Plaintiff seeks back wages and value of benefits from date of termination on or about 12/07/16 until date of trial at [$] minus interim earnings to date for estimated net value of about $50,000.00 to date. In addition, compensatory damages in an amount to be determined by jury based on evidence to be presented at trial. Plaintiff will also seek reinstatement or front pay as well as an award of attorney's fees and costs.

The Defendant is aware of the claims of the Plaintiff as set forth in his complaint. The Defendant does not believe the claims to be meritorious and therefore does not believe that the case has any value. The claims will cause the Defendant to expend the costs of defense.

1

**2.    The date for exchanging initial disclosures pursuant to Rule 26(a)(1).**

The parties agree to exchange initial disclosures by April 9, 2018.

**3.    The subjects on which discovery may be needed.**

Plaintiff believes discovery may be needed on the following: liability/damages, discrimination issue, retaliation issue, termination issue.

The Defendant agrees with the Plaintiff's statement.

**4.    Whether the Parties can agree to limit discovery on particular issues through stipulation.**

Plaintiff was Defendant's employee for all purposes herein and was terminated from his employment.

The Defendant: The Plaintiff's claims have been the subject of a charge of discrimination filed with U.S. Equal Employment Opportunity Commission and extensive discovery of the issues involved in this case will not be necessary.

Plaintiff does not agree that the EEOC/FCHR process offers any opportunity for discovery.

**5.    What document discovery is needed.**

Plaintiff's and other employee's personnel files, Defendant's personnel policies.

The Defendant will conduct discovery to identify and request production of all documents which are in the possession or control of the Plaintiff and which are relevant to his claims.

**6.    Whether discovery should be conducted in phases.**

No.

7.    **Whether the Parties expect to have disclosure, discovery, or preservation of electronically store information, and if so, explain:**

      **(a) the main information and documents sought;**

      **(b) the expected costs of e-discovery; and**

      **(c) whether alternatives to e-discovery are possible.**

      The parties do not expect such disclosure.

8.    **What individuals each side intends to depose.**

      Plaintiff seeks to depose the people identified in the Verified Complaint: Elizabeth Clarke (3 hours), Eleanor Roy (1 hour), Aleese Kopf (1 hour), Cathleen Reese (1 hour), Toni Mitchell (1 hour), Michele Dargan (1 hour), Andrew Davis (1 hour), Matt Morgan (1 hour), Dave Tepps (1 hour), Ron Hayes (1 hour), Emily Minor (1 hour), Tory Malmer (1 hour), and Nick Moschella (2 hours).

      The Defendant intends to depose: (1) the Plaintiff, (2) any persons or entities in addition to those listed above whom the Plaintiff identifies as having knowledge relevant to his claims who are not employees or agents of the Defendant and (3) any person for whom a deposition becomes necessary because of unavailability.

      The Plaintiff lists more than ten depositions. Defendant objects to the taking of depositions in excess of the maximum provided by Rule 30 of the Federal Rules of Civil Procedure. Plaintiff contends there is good cause given unavailability of at least one of the witnesses to be brought for trial from jurisdictions outside of the southern district of Florida including but not limited to Virginia.

9.    **Any issues about claims of privilege or of protection as trial-preparation materials, including–if the parties agree on a procedure to assert these claims after**

production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

Both parties agree to abide by all applicable statutes, rules, case law and regulations regarding materials that they consider work product and/or trial-preparation materials, including submitting a privilege log identifying documents claimed to be privileged from work product or attorney client.

The Defendant is not aware of any issues about claims of privilege or protection as trial preparation materials. The parties have not agreed on a procedure to assert these claims of privilege or work product and do not ask for an order under Federal Rule of Evidence 502.

10.    **What changes should be made in the limitation on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

None.

11.    **Whether early mediation or settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The parties already participated in a presuit mediation with the EEOC, Plaintiff will participate again as required by Local Rules.

The Defendant does believe at this time that early mediation or settlement conference with a Magistrate judge prior to the close of discovery would be helpful at this time.

DATED: This 30th day of March 2018.


Respectfully submitted,                          Respectfully submitted,

/s/ Isidro M. Garcia                             /s/ Thomas M. Gonzalez
ISIDRO M. GARCIA                                 THOMAS M. GONZALEZ
Florida Bar No. 437883                           Florida Bar No. 192341
GARCIA LAW FIRM, P.A.                            THOMPSON, SIZEMORE, GONZALEZ,
120 S. Olive Ave., Suite 401                     & HEARING, P.A.
West Palm Beach, FL 33401                         Mail: P.O. Box 639
Telephone:  (561) 832-7732                        Tampa, Florida, 33602
Telecopier:  (561) 832-7137                       Street: 201 N. Franklin St., Suite 1600
E-mail: isidrogarcia@garcialaborlaw.com           Tampa, Florida, 33602
COUNSEL FOR PLAINTIFF                              Telephone:  (813) 273-0050
                                                   Facsimile:  (813) 273-0050
                                                  tgonzalez@tsghlaw.com
                                                  attorney for the Defendants